United States District Court
Southern District of Texas
**ENTERED**
September 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HERBERT HOOVER PRATT, III, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00100 |
| § | |
| MIGUEL MARTINEZ, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Herbert Hoover Pratt, III is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) Plaintiff's claims for money damages against **Regional Director Miguel Martinez** in his official capacity be **DISMISSED** as barred by the Eleventh Amendment; (2) Plaintiff's claims against **Assistant Warden Gene Miller and Regional Director Miguel Martinez** in their individual capacities be **DISMISSED with prejudice** for failure to state a claim and/or as

frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (3) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division and is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff's claims in this lawsuit occurred in connection with his current housing assignment.

On May 13, 2021, Plaintiff initially filed his prisoner civil rights action in the Tyler Division of the Eastern District of Texas, asserting claims under 42 U.S.C. § 1983 against numerous defendants. As part of his claims, Plaintiff sues Assistant Warden Gene Miller of the McConnell Unit for retaliating against him by removing Plaintiff from his job at the garment factory. Plaintiff also sues Regional Director Miguel Martinez, Region IV, for

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

failing to initiate an administrative review causing Plaintiff to remain in Administrative Segregation for a fraudulent disciplinary infraction.

On August 4, 2020, Magistrate Judge K. Nicole Mitchell from the Eastern District of Texas severed Plaintiff's claims against Defendants Miller and Martinez and transferred them to this Court. (D.E. 4). As directed by the Court, Plaintiff subsequently filed an Amended Complaint, clarifying that he sues Assistant Warden Miller in his individual capacity and Regional Director Martinez in his individual and official capacities. Plaintiff seeks monetary relief.

On July 30, 2021, the undersigned conducted a *Spears*[2] hearing. The following representations were made either in Plaintiff's Amended Complaint (D.E. 11) or at the *Spears* hearing. In August 2018, Plaintiff arrived at the Beto Unit in Tennessee Colony, Texas. (D.E. 16, p. 5). Plaintiff was transferred from the Beto Unit on August 16, 2019 and arrived at the McConnell Unit three days later. Plaintiff has remained in continuous custody at the McConnell Unit until the present day.

On or around July 11, 2019, another offender (Justin Campbell) at the Beto Unit was found with contraband in his cell. Campbell and Plaintiff were not cell mates. On July 17, 2019, Plaintiff was officially charged with possessing the same contraband. Five days earlier, however, Plaintiff was placed in pretrial detention. With the exception of one four or five-hour period of time, Plaintiff resided in pretrial detention until his disciplinary

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

hearing. Plaintiff's disciplinary hearing commenced on July 19, 2019 and was finalized on July 31, 2019.

At Plaintiff's disciplinary hearing, Campbell submitted a statement that Plaintiff knew nothing about the contraband. Nevertheless, Plaintiff was found guilty of possessing contraband and assessed sanctions, which included privilege restrictions and the loss of good time credits. Plaintiff was subsequently placed in administrative segregation, or restrictive housing, following the disciplinary hearing. After Plaintiff was transferred to the McConnell Unit on August 19, 2019, he was housed in restrictive housing from that day until March 3, 2021.

Plaintiff filed a Step 1 grievance challenging his disciplinary conviction while housed at the Beto Unit. Plaintiff's Step 1 grievance was denied. Plaintiff attempted to file a Step 2 grievance at the McConnell Unit following his transfer. Plaintiff testified that administrative personnel at the McConnell Unit obstructed his ability to file the Step 2 grievance by indicating they never received the grievance as it was improperly submitted. (D.E. 16, pp. 11-12). Plaintiff's attempts to refile the Step 2 grievance were to no avail.

Plaintiff testified that his disciplinary conviction for possessing contraband was overturned on December 11, 2020 in connection with a federal habeas corpus action filed in this Court. According to Plaintiff, the Court granted him partial relief and reversed the sanctions imposed.[3]  (D.E. 16, p. 13).

---

[3] Court records reflect that Plaintiff filed his federal habeas corpus petition in this Court on July 7, 2020. (*Pratt v. Lumpkin*, Case No. 2:20-CV-183 (S.D. Tex.) (Habeas Action). Contrary to Plaintiff's allegations, the Court did not grant Plaintiff any habeas relief, partial or otherwise. Rather, by order entered on June 24, 2021, the Court dismissed Plaintiff's Habeas Action as moot on the basis that: (1) his disciplinary conviction had already been overturned with the option to be reheard; (2) TDCJ records demonstrated his conviction had indeed been removed from Plaintiff's

Starting on the day Plaintiff arrived at the McConnell Unit, he complained to Assistant Warden Miller about his placement in restrictive custody. Plaintiff asked Assistant Warden Miller for an administrative review of his disciplinary case. Assistant Warden Miller responded that he would never overturn the decision of another warden.

Plaintiff did not have a work assignment while house in restrictive custody at the McConnell Unit. On April 30, 2021, the Unit Classification Committee placed Plaintiff in the garment factory as a computer operator/account clerk. Plaintiff's duties included ensuring that all numbers on invoices were correct and to input correct information for every offender within the garment factory.

Assistant Warden Miller removed Plaintiff from the garment factory sometime around the end of May 2021. Plaintiff explained that Assistant Warden Miller removed Plaintiff because Plaintiff was on Warden Miller's "shit list." By having him removed from this job, Assistant Warden Miller denied Plaintiff important job skills and a chance to show a positive change in behavior at his parole review. Plaintiff believes that Assistant Warden Miller's decision was in retaliation for Plaintiff filing his federal habeas corpus action and the instant case. (D.E. 16, p. 16).

Following his removal from the garment factory, Plaintiff was re-assigned to work on the medical squad. During the 45 days before the date of the *Spears* hearing, Plaintiff experienced several job changes. He was transferred to work as a janitor, back to medical

---

records; and (3) Plaintiff's good time credits had been restored. (*Id.*, D.E. 29). The Court further concluded that Plaintiff had failed to assert a due process claim with respect to his assertion that his sanction involving his line class reduction was never reversed. (*Id.*).

5 / 14

squad, and then to the kitchen. Plaintiff had no duties with regard to his work on the medical squad. Plaintiff's janitorial duties included cleaning the buildings. Plaintiff is currently a cook in the kitchen. Plaintiff's current custodial classification is G2. Plaintiff was moved into general population on March 3, 2021, where he currently resides.

Plaintiff testified that Regional Director Martinez is responsible for reviewing and rendering decisions on offender grievances and appeals. (D.E. 16, p. 25). Plaintiff contacted Regional Director Martinez multiple times regarding his improper disciplinary conviction as well as the failure to release him from restrictive custody after his disciplinary conviction was overturned. Regional Director Martinez, however, did not respond to Plaintiff.

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal

interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law

deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Eleventh amendment immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff sues Regional Director Martinez in his official capacity for money damages, his claims are barred by the Eleventh Amendment. Thus, it is respectfully

recommended that Plaintiff's claims for money damages against Defendant Martinez in his official capacity be dismissed as barred by the Eleventh Amendment.

**B.     Retaliation**

Plaintiff claims that Assistant Warden Miller removed him from his garment factory at the end of May 2021 in retaliation for Plaintiff filing the Habeas Action challenging the Beto Unit disciplinary conviction and this civil rights action. Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686. Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected inmates." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (citing *Morris*, 449 F.3d at 684).

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). The Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *See Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

Plaintiff's allegations reflect that, while Assistant Warden Miller removed him from his garment factory position at the end of May 2021, he was then assigned to other jobs as part of the medical squad, as a janitor, and finally as a kitchen cook. Plaintiff alleges

10 / 14

nothing to suggest that his new job assignments were more onerous or otherwise subjected him to extreme hardship. Indeed, Plaintiff stated that his job on the medical squad had no duties.

Plaintiff's allegations, therefore, fail to show that Warden Miller subjected him to an adverse action amounting to more than a *de minimis* act. *See Morris*, 449 F.3d at 685-86. *See also Zebrowski v. U.S. Federal Bureau of Prisons,* 558 F. App'x 355, 358 (5th Cir. 2014) (concluding that a demotion in a job assignment is *de minimis*); *Tighe v. Wall,* 100 F.3d 41, 42 (5th Cir.1996) (explaining that inmate's allegation that defendant retaliated against him by removing him from a job and transferring him to another facility was inadequate to support a retaliation claim because inmate did not have a constitutionally-protected interest in a particular facility or work assignment). Because Plaintiff's allegations fail to state an essential element of his retaliation claim, the undersigned respectfully recommends that such claim against Assistant Warden Miller in his individual capacity be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### C. Due Process

Plaintiff claims that that Assistant Warden Miller violated his due process rights by failing to give him his requested administrative review of his disciplinary conviction. Plaintiff further claims that Regional Director Martinez violated his due process rights by failing to administratively review both his disciplinary conviction and placement in restrictive custody.

11 / 14

Plaintiff's due process claims against Assistant Warden Miller and Regional Directors are based on allegations that these defendants failed to investigate and process administrative appeal grievances or reviews challenging Plaintiff's disciplinary conviction in the Beto Unit and placement in restrictive custody. Such allegations, however, fail to state an actional constitutional claim. *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (recognizing that prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Comeaux v. Stalder*, 300 F. App'x 306, 308 (5th Cir. 2008) (concluding that challenges to administrative remedy procedures used to process administrative grievances fails to implicate a constitutional right); *Duffy-Thompson v. Collier*, No. H-18-1919, 2018 WL 3059672, at *2 (S.D. Tex. June 20, 2018) (recognizing that "prisoners have no constitutional right to the satisfactory investigation and resolution of prison grievances or administrative appeals"). Accordingly, the undersigned respectfully recommends that Plaintiff's due process claims against Defendants Miller and Martinez in their individual capacities be dismissed as frivolous and/or for failure to state a claim for relief.

## V.   RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that: (1) Plaintiff's claims for money damages against **Regional Director Martinez** in his official capacity be **DISMISSED** as barred by the Eleventh Amendment; (2) Plaintiff's claims against **Assistant Warden Miller and Regional Director Martinez** in their individual capacities be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to

12 / 14

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on September 16, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).